■ ONEKEY LLC, Respondent, v ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, Appellant. [914 NYS2d 14]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 8, 2009, which granted the petition to vacate respondent's determination that petitioner violated Administrative Code of City of NY § 27-1009 (a) by failing to safeguard the public and property affected by its construction operations, unanimously reversed, on the law, without costs, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed.

Respondent's interpretation of Administrative Code § 27-1009 (a) (amended and renumbered Administrative Code § 28-3301.2 [eff July 1, 2008]) was rational, and its determination that petitioner violated the provision was supported by substantial

evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

Section 27-1009 (a) provided that "[a] contractor engaged in building work shall institute and maintain safety measures and provide all equipment or temporary construction necessary to safeguard all persons and property affected by such contractor's operations." The evidence is uncontroverted that petitioner was hired to construct a building foundation on a lot that had previously been excavated to a depth of approximately 10 feet, and subsequently removed from the excavated site a basement wall that the record indicates buttressed the adjoining building's deteriorating foundation. Petitioner thereafter informed the owners of both lots of the foundation's instability. Although it stopped work, petitioner failed to protect and maintain the side of the excavated lot by shoring, retaining or bracing it, as required by Administrative Code § 27-1032 (a) (amended and renumbered Administrative Code § 28-3304.4.1 [eff July 1, 2008]). Furthermore, petitioner allowed standing water to collect on the excavated lot, in violation of Administrative Code § 27-1031 (d) (amended and renumbered Administrative Code § 28-3304.8 [eff July 1, 2008]), which the record indicates further threatened the integrity of the adjoining building's foundation.

As respondent found, it is irrelevant that petitioner did not cause the deterioration of the adjoining structure's foundation, because Administrative Code § 27-1009 (a) required it to safeguard "all persons and property affected by [its] operations." Concur—Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ.